IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY HILLS REALTY, LLC, | ) | |
| | ) | Case No. 4:21-cv-873 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Removed from the Twenty-Second Judicial |
| | ) | Circuit Court, City of St. Louis, Missouri |
| PF AT SOUTH GRAND, LLC, | ) | Cause No. 2122-CC01059 |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant PF at South Grand, LLC ("Defendant"), by and through its undersigned attorneys, hereby removes this case from the Twenty-Second Judicial Circuit Court, City of St. Louis, Missouri, Cause No. 2122-CC01059, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  In support of this Notice of Removal, Defendant states:

**STATE COURT PROCEEDINGS**

1. On or about June 4, 2021, Plaintiff Holly Hills Realty, LLC ("Plaintiff") filed a Petition in the Twenty-Second Judicial Circuit Court, City of St. Louis, State of Missouri, Cause No. 2122-CC001059, against Defendant alleging claims for breach of lease (Count I) and breach of termination agreement (Count II).  (*See* **Exhibit A**.)[1]

2. Defendant was served with the Petition on June 18, 2021.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and

---

[1] In accordance with 28 U.S.C. § 1446(a), a complete copy of all state court process, pleadings, orders, and other filings, including Plaintiff's Petition, is attached hereto as **Exhibit A**.

Defendant as citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Missouri, Eastern Division, is the United States District Court for the district and division embracing the place where the state court case was pending, specifically, the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri.

## CITIZENSHIP OF PARTIES

5. According to the Petition, Plaintiff is a Missouri limited liability company with its principal place of business in St. Louis City, Missouri. (Pet. ¶ 1.)

6. Defendant is a Maryland limited liability company. (Pet. ¶ 2.)

7. The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by the citizenship of each of its members. OHM Hotel Group, LLC v. Dewberry Consultants, LLC, Case No. 4:15-CV-1541 CAS, 2015 WL 5920663, *1 (E.D. Mo. 2015) (citing E3 Biofuels, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015)).

8. Based upon information and belief, the member(s) of Plaintiff are citizens of Missouri and are not citizens of Maryland.

9. The sole member of Defendant is The Theodore J. Carski Residuary Trust U/W/O Theodore J. Carski.

10. The citizenship of a trust is governed by the general rule for unincorporated associations such that the entity takes the citizenship of all of its members, and, in the case of a trust, would be its trustees or beneficiaries. Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 383 (2016). See also OHM Hotel Group, LLC, 2015 WL 5920663, *1 (noting rule that membership of an LLC is determined by the citizenship of its members, and members that are trusts are determined by the citizenships of its trustees or beneficiaries).

11.     Thomas E. Carski is the trustee and beneficiary of the Trust and he is a Maryland resident.

12.     Thus, there is complete diversity of citizenship between Plaintiff and Defendant. Therefore, under 28 U.S.C. § 1441(b)(2), there is complete diversity of citizenship.

## AMOUNT IN CONTROVERSY

13.     Removal is proper under 28 U.S.C. § 1446(c)(2)(B) if this Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

14.     Under § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." To determine whether the jurisdictional amount in controversy has been met, the Court may make an independent evaluation of the monetary value of the claim based on the allegations in the complaint and the assertions and proof set forth in this Notice of Removal to determine whether the preponderance of the evidence indicates that the jurisdictional threshold has been met. See Missouri ex. rel. Pemiscot Cnty. v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995).

15.     Here, pursuant to standard Missouri civil practice, Plaintiff's Petition states only in each count's prayer for relief that Plaintiff "prays for judgment against Defendant … damages in the amount in excess of Twenty-Five Thousand ($25,000) Dollars" and "Plaintiff's costs expended herein, including attorney's fees; and prejudgment interest and post-judgment interest." (Pet., Prayers for Relief.)

16.     Plaintiff filed this action alleging that Plaintiff and Defendant are parties to a lease agreement ("Lease") entered into on February 1, 2012. (Pet. Ex. 1 at ¶¶ 4-6).

17.     Subsequently, Plaintiff alleged that Plaintiff and Defendant entered into a Lease Termination Agreement on or about September 23, 2019. Under the terms of the Lease

3

Termination Agreement, Plaintiff alleges that Defendant agreed to pay Plaintiff the amount of Fifty-Five Thousand Dollars ($55,000.00) and to pay "all Minimum Guaranteed Rental, Common Area Maintenance Charge, Insurance Escrow Payment, and Tax Escrow Payment …. up to and including the Termination Date."  Plaintiff alleges Defendant made the initial Fifty-Five Thousand Dollars ($55,000.00) payment owed under the Termination Agreement, but that it failed to pay the remaining amounts owed under the Lease Termination Agreement.

18. Due to Defendant's alleged breach of the Lease Termination Agreement, Plaintiff alleges that it is entitled to enforce the terms of the Lease and collect all amounts allegedly owed by Defendant under the Lease after crediting Defendant for the Fifty-Five Thousand Dollars ($55,000.00) that it paid Plaintiff.   (Pet. ¶¶ 10-12, Exs.1-3.)

19. Based on Plaintiff's allegations that it is entitled to enforce the Lease and collect under the Lease despite the terms of the Lease Termination Agreement, the face of the Lease states that the Minimum Guaranteed Annual Rent for years 6-10 of the Lease is $176,859.50 (Pet., Ex. 1).  If Defendant owes rent as alleged by Plaintiff from 2019 (which Defendant disputes), one year of the Minimum Guaranteed Annual Rent in itself far exceeds the required $75,000.00 amount in controversy, exclusive of the other charges allegedly due under the Lease.

20. Therefore, the amount in controversy exceeds $75,000.[2]

21. Based on the nature of the claims in Plaintiff's Petition, the claims will exceed the jurisdictional amount.  Thus, this case is removable pursuant to 28 U.S.C. § 1441.

---

[2] Plaintiff pleads Count II in the alternative. (Pet. at ¶ 19).  It is unclear based on the Petition how much Plaintiff is seeking in Count II.  Thus, to the extent that the Court may not have original jurisdiction over Count II, the Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367 because the claim is so related to the claim in Count I that it forms part of the same case or controversy under Article III of the Constitution as the claims derive from a common nucleus of operative facts. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

22. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of Defendant's receipt, by service of process or otherwise, of the initial pleading. It is being filed in the District Court setting forth the claim for relief upon which this proceeding is based and which establishes the right to remove this action to this Court.

23. Copies of all process, pleadings, and orders on file with the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri in this matter are attached hereto as **Exhibit A**.

24. Defendant nor his attorneys have entered an appearance, filed any responsive pleadings, or filed any papers in this action in the state court proceeding beyond a Notice of Removal.

25. By removing this matter, Defendant does not waive and expressly reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses, including, but not limited to, a lack of personal jurisdiction, improper venue, and/or failure to state a claim.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served this day upon Plaintiff and is being filed with the Clerk of the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri.

27. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446. The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available, including **Exhibit A** hereto.

28. Based on the foregoing, Defendant has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and that this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because there

is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

29. In the event Plaintiff files a request to remand, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby removes the above-captioned action, Cause No. 2122-CC01059 from the Twenty-Second Judicial Circuit Court of St. Louis City, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: July 16, 2021                          Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

By    */s/ Dawn M. Johnson*
      Dawn M. Johnson, # 41991
      dmj@greensfelder.com
      10 S. Broadway, Suite 2000
      St. Louis, MO  63102
      Telephone:  314-241-9090
      Facsimile:   314-345-4792

*Attorneys for Defendant PF AT SOUTH GRAND, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of July, 2021, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and via email, upon below counsel of record.

John C. Grellner
Berger, Cohen & Brandt, L.C.
8000 Maryland Avenue
Suite 1500
Clayton, MO  63105
jgrellner@bcblawlc.com

Attorney for Plaintiff

                                       */s/ Dawn M. Johnson*

1910876