## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

HOLLY HILLS REALTY, LLC,     )
         )
         )
     Plaintiff,     )
         )
     v.     )     No. 4:21CV873 JCH
         )
         )
PF AT SOUTH GRAND, LLC,     )
         )
         )
     Defendant.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant PF at South Grand, LLC's Motion to Dismiss Count I of Plaintiff's Complaint, filed August 20, 2021.  (ECF No. 16).  The motion is fully briefed and ready for disposition.

## BACKGROUND[1]

On or about February 1, 2012, Defendant entered into a lease agreement (the "Lease") with Plaintiff's predecessor in interest, South Grand, L.L.C., whereby Defendant agreed to lease the commercial real property commonly known as 6155 South Grand Blvd., St. Louis, MO, 63111.  (Petition for Breach of Lease and Guaranty (hereinafter "Complaint" or "Compl."), ¶ 4).  The parties executed a First Amendment of Lease on or about August 28, 2012, and thereafter South Grand, L.L.C. assigned its interest in the Lease to Plaintiff.  (*Id.*, ¶¶ 5, 6).

In approximately 2019, Defendant became delinquent in paying rent owed under the terms of the Lease, as amended.  (Compl., ¶ 7).  On or about September 23, 2019, Plaintiff and

---

[1] The Court's background section is taken from Plaintiff's Complaint, to which Defendant has not yet filed an answer.

Defendant entered into a Lease Termination Agreement, the terms of which specified that Defendant was to pay Plaintiff the sum of $55,000.00, and to pay "all Minimum Guaranteed Rental, Tenant's Common Area Maintenance Charge, Insurance Escrow Payment, and Tax Escrow Payment….up to and including the Termination Date." (*Id.*, ¶¶ 8, 9, quoting Termination Agreement, Section 5). Defendant made the initial $55,000.00 payment, but according to Plaintiff, failed to pay the remaining obligations owed under Section 5 of the Termination Agreement. (*Id.*, ¶ 10).[2]

On or about June 4, 2021, Plaintiff filed its Complaint in the Circuit Court of St. Louis City, Missouri. (ECF No. 5). Plaintiff's Complaint consists of two counts: breach of the underlying Lease (Count I), and breach of the Termination Agreement (Count II).[3]

Defendant removed Plaintiff's Complaint to this Court on July 16, 2021, on the basis of diversity of citizenship. (ECF No. 1). It then filed the instant Motion to Dismiss on August 20, 2021, claiming Count I of Plaintiff's Complaint fails to state a claim for relief. (ECF No. 16).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its

---

[2] Plaintiff does not dispute Defendant's claim that Defendant made the $55,000.00 payment in a timely manner under the terms of the Termination Agreement.

[3] Count II of Plaintiff's Complaint is pled in the alternative to Count I.

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

In its Motion to Dismiss, Defendant claims Count I of Plaintiff's Complaint must be dismissed because the underlying Lease was terminated under the terms of the Termination Agreement.  The relevant provisions of the Termination Agreement state as follows:

### LEASE TERMINATION AGREEMENT

THIS LEASE TERINATION AGREEMENT (this "Agreement") is made and entered into effective as of the 23 day of September, 2019 (the "Effective Date"), by and between HOLLY HILLS REALTY, L.L.C., a Missouri limited liability company ("Landlord"), and PF AT SOUTH GRAND, LLC, a Maryland limited liability company ("Tenant").

### RECITALS:….

B.      Tenant has requested, and Landlord has agreed, subject to the terms and conditions hereinafter set forth, that Tenant be permitted to discontinue its business operations in the Premises and that the Lease and all rights and obligations of Landlord and Tenant thereunder be terminated as of 11:59 P.M. on January 31, 2020 (the "Termination Date").

NOW, THEREFORE, in consideration of the foregoing Recitals, the mutual agreements, covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt, sufficiency and validity of which are hereby acknowledged, Landlord and Tenant agree as follows:….

2.      Termination of Lease:      Subject to Landlord's receipt of the Termination Payment (defined below), the Lease is hereby canceled and terminated as of on the Termination Date and of no further force and effect.

Except as otherwise expressly provided herein, all terms and conditions of the Lease shall remain unchanged and shall be in full force and effect until the Termination Date….

     5.    <u>Termination Payment</u>.    On or prior to the Termination Date, Tenant shall pay Landlord the sum of Fifty-Five Thousand and 00/100 Dollars ($55,000.00) in good and readily available funds (the "<u>Termination Payment</u>"), Tenant shall also be responsible for paying to Landlord all Minimum Guaranteed Rental, Tenant's Common Area Maintenance Charge, Insurance Escrow Payment and Tax Escrow Payment required to be paid by Tenant to Landlord pursuant to the terms of the Lease up to and including the Termination Date.

     6.    <u>Release</u>.    Effective as of the Termination Date, Landlord hereby releases and forever discharges Tenant and Planet Fitness Franchising, LLC and their affiliates, subsidiaries, members, officers, directors, agents, property managers, trustees, beneficiaries and employees (each, a "<u>Tenant Party</u>"), of and from any and all claims, acts, damages, demands, rights of action and causes of action, known or unknown, which Landlord ever had, now has, or in the future may have against any Tenant Party arising from or in any way connected with the Lease.  Effective as of the Termination Date, Tenant hereby releases and forever discharges Landlord and its members, officers, directors, agents, property managers, trustees, beneficiaries and employees (each, a "<u>Landlord Party</u>"), of and from any and all claims, acts, damages, demands, rights of action and causes of action, known or unknown, which Tenant ever had, now has, or in the future may have against any Landlord Party arising from or in any way connected with the Lease.  Each of Landlord and Tenant expressly waive any and all rights which it may have under any state or federal law which may limit the scope of the release contained in this Section 5.  This Agreement is made entirely as a compromise and for the purpose of terminating the Lease and settling and extinguishing the claims, acts, damages, demands, rights of action or causes of action of the parties relating to the Lease.  The release contained in this Section 5 shall not in any way be construed to include South Grand, L.L.C., Berkshire Hathaway, Jim Von Der Haar, Joseph Koppeis, or Patricia Koppeis….

(Termination Agreement, attached to Plaintiff's Complaint as Exh. 3, PP. 1-2).

The parties do not dispute that the Termination Agreement at issue here is treated as a contract, and governed by the general principles of contract law.  "'[T]he cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention.'"  *Burrus v. HBE Corp.*, 211 S.W.3d 613, 616-17 (Mo. App. 2006) (quoting *J.E. Hathman, Inc. v. Sigma Alpha Epsilon Club*, 491 S.W.2d 261, 264 (Mo. banc 1973)).  "If a

contract contains no ambiguities, then the intent of the parties is to be gathered from the contract alone." *Id.* at 617 (citation omitted). "Therefore, a court will not 'resort to construction where the intent of the parties is expressed in clear and unambiguous language.'" *Id.* (quoting *J.E. Hathman*, 491 S.W.2d at 264). The intention of the parties is presumed expressed by the plain, natural, and ordinary meaning of contract provisions. *Id.*; *see also Gohagan v. Cincinnati Ins. Co.*, 809 F.3d 1012, 1015 (8th Cir. 2016).

The Court finds that the Termination Agreement contains no ambiguities, and thus must be enforced according to its terms. As noted above, the Lease was to be canceled and terminated as of the Termination Date, 11:59 P.M. on January 31, 2020, provided Plaintiff received the Termination Payment. Termination Payment in turn was defined as "the sum of Fifty-Five Thousand and 00/100 Dollars ($55,000.00) in good and readily available funds." The remainder of the payments allegedly due, *i.e.*, "all Minimum Guaranteed Rental, Tenant's Common Area Maintenance Charge, Insurance Escrow Payment and Tax Escrow Payment required to be paid by Tenant to Landlord pursuant to the terms of the Lease up to and including the Termination Date," did not constitute part of the Termination Payment, and were not due on any particular date. Under these circumstances, the Court finds Defendant complied with the relevant portions of the Termination Agreement, such that the underlying Lease was canceled and any claims arising thereunder were effectively released. Defendant's Motion to Dismiss Count I of Plaintiff's Complaint will therefore be granted.

## <u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendant PF at South Grand, LLC's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 16) is **GRANTED.**

Dated this 5th Day of January, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE